

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 20, 1971

Honorable Louis Dugas, Jr.
County Attorney
Orange County Courthouse
Orange, Texas 77620

Opinion No. M-907

Re: Constitutionality of House
Bill 1596, Acts 62nd Legis-
lature, R.S. 1971, conferring
certain jurisdiction on the
County Court at Law of Orange
County.

Dear Mr. Dugas:

Your request for an opinion on the above subject matter asks
the following question:

"Does H.B. 1596 contravene the Constitution
of the State of Texas, Article 5, Sec. 8, Article
5, Sec. 17, Article 5, Sec. 13."

House Bill 1596, Acts 62nd Leg., R.S. 1971, confers addi-
tional jurisdiction on the County Court at Law of Orange County
and makes other provisions relating thereto.

Since the Act is lengthy we will not detail the jurisdiction
conferred on the County Court at Law of Orange County. Section 2
provides:

"Sec.2. After the effective date of this Act
all cases of concurrent jurisdiction enumerated or
included above may be instituted or transferred
between the District Courts of Orange County and
the County Court at Law of Orange County."

Section 4 provides that nothing in the Act shall diminish juris-
diction of the District Courts of Orange County. Section 20
provides:

-4416-

"Sec. 20.  Nothing in this Act shall diminish the jurisdiction of the several District Courts of Orange County and the County Court of Orange County and such courts shall retain and continue to exercise such jurisdiction as is now or may be hereafter conferred by law and the jurisdiction given herein is concurrent with the jurisdiction of said courts."

Other appropriate sections of the Act confer concurrent jurisdiction over certain matters with the several District Courts of Orange County and on other various matters confers concurrent jurisdiction with the County Court of Orange County.

The Act shows throughout that legislative intent is not to diminish the constitutional jurisdiction of either the District Courts or the County Court.

Article V, Section 1, Constitution of Texas, provides, in part:

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

The above quoted constitutional provision was added to Article V, Section 1, by amendment in 1891.  In construing its provisions the Supreme Court of Texas in Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950), made the following conclusions concerning the 1891 amendment:

". . . It expressly recognizes in the Legislature two separate and distinct powers which it may exercise in establishing 'such other courts as it may deem necessary.'  In the first place, it is given power to 'prescribe the jurisdiction' of such courts, conforming 'the jurisdiction of the District and other inferior courts thereto.' And, in the second place, it is given power to 'prescribe the * * * organization thereof.'  The Act under review is an attempt in good faith by the Legislature to exercise the

powers thus expressly defined in that amendment.
The amendment was not written into the Constitution
for the purpose of authorizing the Legislature to estab-
lish more district courts or county courts.  No question
had ever arisen as to its authority to do that.  But
the amendment was adopted for the purpose of making it
certain that the Legislature had the authority to estab-
lish courts other than constitutional courts, and that
its acts in establishing them should not be stricken down
on the ground that they were violative of what might be
conceived by vague implications to be the general spirit
of the Constitution, or that they did not conform to the
constitutional pattern for district courts or county
courts.  To hold that the pattern for all courts estab-
lished by the Legislature must conform to the pattern of
either the disrict courts or county courts is to ignore
the plain language of the amendment.  It is argued that
'to undertake to institute a different family of courts
in Texas must immediately meet with resistance in the
Constitution.'  We are aware of no provision of the
Constitution which offers resistance to 'a different
family of courts.'  To the contrary, the 1891 amendment
expressly authorized the Legislature to establish not
more of the same courts, but 'such other courts as it
may deem necessary.'" p.645

It is our opinion that the same reasoning is applicable to
House Bill 1596.  None of its provisions diminish the constitu-
tional jurisdiction of the district courts conferred by
Section 8 of Article V nor the constitutional jurisdiction of
the county courts conferred by Section 16 of Article V.

The provisions of Article V which you specifically mention
in your question to this office are Section 8, relating to the
jurisdiction of district courts; Section 13, relating in part to
the number of jurors in District Court cases; and Section 17,
relating to the terms, prosecutions and juries of county courts.

We conclude from the selection of these particular provisions of the Constitution that you are concerned primarily with the number of jurors required in the County Court at Law of Orange County, as it takes jurisdiction of District Court cases on the one hand and County Court cases on the other hand; and, also, what effect, if any, this may have on the essential jurisdiction of the District Court.

Section 13 provides for a twelve-man jury in district courts. Section 17 provides for a six-man jury in county courts. H.B. 1596 provides in Section 16 of that Act:

> "The practice and procedure, rules of evidence, the drawing of jury panels, selection of juries, issuance of process and all other matters pertaining to the conduct of trials and hearings in said Court shall be governed by provisions of this Act and the laws and rules pertaining to district courts, general or special, as well as county courts; provided that juries in all matters civil or criminal shall always be composed of twelve (12) members except that in misdemeanor criminal cases the juries shall be composed of six (6) members, as well as six (6) member juries in cases where this Court has concurrent jurisdiction with the County Court as herein provided."

It will thus be seen that in cases where concurrent jurisdiction is in the District Court, H.B. 1596 provides for a twelve (12) member jury, while in cases where concurrent jurisdiction is in the County Court, a six (6) member jury is called for. We do not believe that the Texas Constitution would be violated if a case is tried in the County Court at Law with whatever number of jurors would be called for constitutionally when that same case is tried in a constitutional court (District or County).

This office is, therefore, of the opinion that H. B. 1596 does not contravene Sections 8, 13 or 17 of Article V of the Texas Constitution, and constitutionally creates the County Court

at Law of Orange County in accordance with Article V, Section 1, of the Texas Constitution.

## S U M M A R Y

H.B. 1596 does not contravene Sections 8, 13 or 17 of Article V of the Texas Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Arthur Sandlin
James Quick
Lewis Jones
Ben Harrison

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant